# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 95-106 |
| MICHAEL H. O'KEEFE, SR. | SECTION: "S" (5) |

## ORDER

**IT IS HEREBY ORDERED** that Michael H. O'Keefe, Sr.'s Motion for Certificate of Innocence (Doc. #956) is **DENIED**.

On April 27, 2018, Michael H. O'Keefe, Sr. filed a motion to "vacate, set aside, annul and declare as void the portion of his conviction and sentencing based on 18 U.S.C. 1956(a)(2)(A)." Doc. #956. Because on April 27, 2018, O'Keefe also filed in the United States District Court for the Eastern District of Louisiana, <u>Michael H. O'Keefe v. United States of America, et al.</u>, C/A 18-4377, seeking compensation from the government for his alleged false imprisonment, this court construed the present motion as one seeking a certificate of innocence. O'Keefe filed a reply in which he agreed that his motion was intended as an application for a certificate of innocence. Doc. #959.

In 28 U.S.C. § 1495 the United States waived sovereign immunity to allow any person unjustly convicted of an offense against the United States and imprisoned to seek damages in the United States Court of Federal Claims. Section 2513 sets forth the conditions under which relief can be granted:

> (a) Any person suing under section 1495 of this title must allege and prove that:
>
> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.
>
> (b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.
>
> (c) No pardon or certified copy of a pardon shall be considered by the United States Court of Federal Claims unless it contains recitals that the pardon was granted after applicant had exhausted all recourse to the courts and that the time for any court to exercise its jurisdiction had expired.
>
> (d) The Court may permit the plaintiff to prosecute such action in forma pauperis.
>
> (e) The amount of damages awarded shall not exceed $100,000 for each 12-month period of incarceration for any plaintiff who was unjustly sentenced to death and $50,000 for each 12-month period of incarceration for any other plaintiff.

28 U.S.C.A. § 2513.

In <u>Diamen v. United States</u>, 604 F.3d 653, 657 (D.C. Cir. 2010), the United States Court of Appeals for the District of Columbia Circuit held that the plain language of § 2513(a)(1) provides that a court cannot issue a certificate of innocence unless the conviction "already '*has been* reversed or set aside.'" (quoting 28 U.S.C.A. § 2513(a)(1)). The court further held that § 2513(a)(1) does not authorize the court "proceed to set [a conviction] aside in the certification proceeding itself." <u>Id.</u> Thus, in order to receive a certificate of innocence, the defendant must show a prior adjudication that reversed or set aside his conviction. <u>Id.</u> at 656.

O'Keefe seeks a certificate of innocence for his conviction for money laundering in violation of 18 U.S.C. 1956(a)(2)(A). He has not demonstrated that there was a prior adjudication that

reversed or set aside this conviction.  Instead, O'Keefe is pursuing a certificate of innocence as a means to have the conviction set aside, which is not permitted under § 2513(a)(1).  Therefore, O'Keefe's motion is DENIED.

New Orleans, Louisiana, this  21st  day of June, 2018.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**