# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 95-106 |
| MICHAEL H. O'KEEFE, SR. | SECTION: "S" (5) |

## ORDER

**IT IS HEREBY ORDERED** that Michael H. O'Keefe, Sr.'s Motion to Reconsider Court's Denial of Defendant's Motion to Vacate, Set Aside and Declare as Void the Portion oft he Mover's Conviction and Sentence Based on 18 U.S.C. § 1956 (a)(2)(A) (Doc. #972) is **DENIED**.

On April 27, 2018, Michael H. O'Keefe, Sr. filed a motion to "vacate, set aside, annul and declare as void the portion of his conviction and sentencing based on 18 U.S.C. 1956(a)(2)(A)." Doc. #956. Because on April 27, 2018, O'Keefe also filed in the United States District Court for the Eastern District of Louisiana, Michael H. O'Keefe v. United States of America, et al., C/A 18-4377, seeking compensation from the government for his alleged false imprisonment, this court construed the present motion as one seeking a certificate of innocence under 28 U.S.C. § 2513. O'Keefe filed a reply in which he agreed that his motion was intended as an application for a certificate of innocence. Doc. #959. This court denied the motion because a court cannot issue a certificate of innocence unless the conviction "already '*has been* reversed or set aside.'" Diamen v. United States, 604 F.3d 653, 657 (D.C. Cir. 2010) (quoting 28 U.S.C.A. § 2513(a)(1)).

O'Keefe filed the present motion arguing that this court misconstrued his prior motion. He argues that his motion is to "vacate, set aside, annul and declare as void" his conviction for money laundering. O'Keefe seems to be arguing that he is filing a petition for *habeas corpus* relief under 28 U.S.C. § 2255. In Zalawadia v. Ashcroft, 371 F.3d 292, 297 (5th Cir. 2004), the United States Court of Appeals for the Fifth Circuit explained that "for a court to exercise *habeas* jurisdiction over

a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition *and* that his subsequent release has not rendered the petition moot[.]" O'Keefe was released from custody on April 29, 2016, and filed the motion two years after he was released. Therefore, this court cannot grant *habeas* relief, and O'Keefe's motion is DENIED.

New Orleans, Louisiana, this 5th day of September, 2018.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**